*Western District*

No. 122

**SAUL ROBINOWITZ**

**v.**

**MARY HASSIN**

Argued: Sept. 11, 1974 - Decided: Oct. 11, 1974

*Present:* Gould, P.J., Cimini, Dudley, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield, No. 229187.

**Gould, J.** This is an action in tort seeking recovery for damage to the plaintiff's motor vehicle, which was struck in the rear by the defendant's motor vehicle on a public highway in Massachusetts, on November 16, 1973. Both vehicles were non commercial vehicles, privately owned and lawfully registered in the Commonwealth of Massachusetts. Following entry of the writ, the defendant filed a plea of abatement, setting forth that such suits for recovery were barred by the provisions of G.L. c. 90, § 34-O, the so called "No Fault Property Insurance Coverage Law." The defendant's plea and abatement was allowed.

The appellant's brief is extensive and cited a great number of cases. The basis of the appellant's argument is the validity of the police powers of both the Commonwealth and the Federal Government to foreclose the right of a person to bring suit to recover for tortious damage, and the right of the Legislature to formulate a plan allowing an injured party to obtain coverage for such damage without regard to his right to seek recovery against the party responsible for causing said damage.

A close reading of the Property Insurance Statute, § 34-O indicates that it is available without restriction or deterrent or qualification to all operators of motor vehicles within the Commonwealth of Massachusetts. The statute appears to be equitably and universally

designed for equal protection, and no abuse of any rights of individuals appear to have been violated by the enactment of this statute.

While the appellant's brief has been fully indexed and digested, and does raise many interesting issues of consideration, we fail to see that the principles involved in the property insurance No-Fault protection plan, differs from the theories expressed by the Massachusetts Supreme Judicial Court in ruling valid the personal injury protection part, §34-M of the No Fault Law in the case of *Pinnick* v. *Cleary*, 1971 Adv. Sheets 1129, 271 N.E. 2nd, 592, and on this basis, and for these considerations the decision of the justice of the District Court is affirmed.